Minute Order Form (06/97)

JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50304 | **DATE** | 11/17/2004 |
| **CASE TITLE** | United States vs. Engh | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants summary judgment in favor of plaintiff and against defendant in the amount of $3,004,000.19 plus interest and other statutory additions that have accrued from September 10, 2004, through the date of this order, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 11-17-04 date docketed | 15 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LC courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America, filed a complaint against defendant, Herbert Engh, seeking a judgment for unpaid federal tax assessments. Plaintiff has filed a motion for summary judgment asserting that defendant owes, after crediting certain withholdings, assessments, interest, and other statutory additions for the tax years 1983 through 1987 in the amount of $3,004,000.19. In support of this claim, plaintiff has also filed a statement of material facts pursuant to Local Rule 56.1 which is supported by the declaration of Rodney Joseph, an employee with the Internal Revenue Service who has reviewed defendant's tax records. Because defendant is proceeding pro se, plaintiff served him with notice regarding the import of summary judgment and the significance of Fed. R. Civ. P. 56(e) and Local Rule 56.1. See Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Defendant has filed a response in which he contends the declaration of Joseph should be verified by additional evidence and that plaintiff is without lawful authority to assess an income tax against an individual such as himself. Defendant has not filed a specific response to plaintiff's statement of facts as required by Local Rule 56.1, nor has he in any other way disputed the factual assertions relied upon by plaintiff.

To succeed on a motion for summary judgment, a movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Vallone v. CNA Financial Corp., 375 F. 3d 623, 631 (7th Cir. 2004). In making this determination, the court must draw all inferences from the evidence in the light most favorable to the nonmoving party. Vallone, 375 F. 3d at 631. When a responding party fails to respond to the statement of facts as required by the local rule, such failure results in an admission of those facts. Smith v. Lamz, 321 F. 3d 680, 683 (7th Cir. 2003). Tax deficiency assessments are entitled to a presumption of correctness, and such presumption imposes upon the taxpayer the burden of proving that the assessment is erroneous. Pittman v. Commissioner of Internal Revenue, 100 F. 3d 1308, 1313 (7th Cir. 1996); see also United States v. Kim, 111 F. 3d 1351, 1357 (7th Cir. 1997)(An individual against whom a tax assessment has been made bears the burden of proving his lack of responsibility).

In this case, plaintiff has come forth with evidence of an assessment to which plaintiff has failed to properly respond under the local rule. Additionally, defendant has failed to come forth with any evidence to rebut the presumption that such amounts are correct. Defendant's contention that more evidence is needed than merely Joseph's declaration is without merit, and his legal argument that plaintiff is without authority to levy and collect such assessments is of no avail.

Because plaintiff has substantiated its claim and defendant has offered nothing factual in response, the court grants summary judgment to plaintiff against defendant on its entire claim of $3,004,000.19 plus interest and other statutory additions that have accrued from September 10, 2004, through the date of this order.